ORIGINAL

# In the United States Court of Federal Claims

No. 14-286C
(Filed: April 21, 2014)

FILED
APR 21 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RENIECE L.W. KABANDO, | |
| Plaintiff, | Pro Se Plaintiff; Dismissal for Lack of Jurisdiction; Application to Proceed In Forma Pauperis |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Reniece L.W. Kabando, Washington, DC, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

On April 11, 2014, plaintiff in the above-captioned case, appearing pro se, filed a complaint, an application to proceed in forma pauperis, and an ex parte motion for declaratory and injunctive relief. In her complaint, plaintiff alleges that she is entitled to payment from the government pursuant to 15 U.S.C.A. §§ 631, 637, and 656 because she is a disadvantaged small business owner, and a socially and economically disadvantaged individual. This court lacks jurisdiction to entertain plaintiff's claims and must therefore dismiss her complaint.

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Further, the ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." Sherwood, 312 U.S. at 586. The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). However, the Tucker Act is merely a jurisdictional

statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). Plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. The statutory sections that she cites, 15 U.S.C.A. §§ 631, 637, and 656, do not mandate payment of monetary damages by the government. Accordingly, the court lacks jurisdiction to entertain plaintiff's claims.

In addition, as noted above, plaintiff filed, concurrent with her complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. The court therefore grants plaintiff's application and waives her filing fee.

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. Moreover, because the court lacks jurisdiction to hear plaintiff's claims, her ex parte motion for declaratory and injunctive relief is **DENIED AS MOOT**. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).