ORIGINAL

# In the United States Court of Federal Claims

No. 14-286C
(Filed: May 15, 2014)

FILED

MAY 1 5 2014

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
RENIECE L. W. KABANDO                    *
                                         *
              Plaintiff,                 *   Pro Se Plaintiff; Motion for
                                         *   Reconsideration; Relief from a
v.                                       *   Final Judgment; RCFC 59(a);
                                         *   RCFC 60(b)
THE UNITED STATES,                       *
                                         *
              Defendant.                 *
*****************************************
```

Reniece L.W. Kabando, Washington, DC, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

On April 21, 2014, this court dismissed plaintiff's allegations that she is entitled to payment from the government pursuant to 15 U.S.C.A. §§ 631, 637, and 656 for being a disadvantaged small business owner, as well as a socially and economically disadvantaged individual. See Kabando v. United States, 2014 WL 1577047 (Fed. Cl. Apr. 21, 2014). Specifically, the court dismissed plaintiff's claims for lack of jurisdiction. Id. On May 5, 2014, plaintiff sent the court a letter. As outlined in the court's order entered on that same date, plaintiff's letter will be construed as a motion for reconsideration.

Rules 59(a) and 60(b) of the Rules of the Court of Federal Claims ("RCFC") set forth the applicable standards for reconsideration and relief from final judgments or orders. "A motion for reconsideration should be considered with exceptional care." Carter v. United States, 518 F.2d 1199, 1199 (Ct. Cl. 1975) (internal quotation marks and citation omitted). To succeed on a motion for reconsideration under RCFC 59(a), a party "must do more than merely reassert[ ] arguments which were previously made and carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003). That is, the movant must establish a manifest error of law or mistake of fact. Id. The movant must show "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Osage Tribe of Indians of Okla. v. United States, 97 Fed. Cl. 345, 348 (2011). RCFC 60(b) further provides that relief from a final judgment, order, or proceeding may be granted for several enumerated reasons, such as mistake or fraud, as well as "any other reason that justifies relief." Overall, a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the

court." <u>Bishop v. United States</u>, 26 Cl. Ct. 281, 286 (1992) (quoting <u>Circle K Corp. v. United States</u>, 23 Cl. Ct. 659, 664 (1991)).

       In its opinion dismissing plaintiff's complaint, this court stated that plaintiff did not allege any claims based on a contract with the United States, or stemming from a money-mandating constitutional provision, federal statute, or federal regulation. <u>Kabando</u>, 2014 WL 1577047, at *1. The court noted that the statutory sections that plaintiff did cite, 15 U.S.C.A. §§ 631, 637, and 656, do not mandate payment of monetary damages by the government. <u>Id.</u> Plaintiff's claims were thus dismissed for lack of jurisdiction. <u>Id.</u> In plaintiff's current motion before the court, she states that she has suffered past societal disadvantages, and that the court's staff and the Clerk of the Court are "unreasonable" in not granting her immediate relief. Pl.'s Mot. at 1. Applying the standard for reconsideration stated above, none of the factors is availing here. Plaintiff does not cite any statutory basis for this court to retain jurisdiction, much less any intervening changes in that or any other potentially controlling law. Additionally, she does not put forward any newly-discovered evidence, nor outline any risk of manifest injustice, even if the court were to have jurisdiction. Accordingly, plaintiff's motion for reconsideration is **DENIED**.

       **IT IS SO ORDERED.**

*/s/ Margaret M. Sweeney*
MARGARET M. SWEENEY
Judge